UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:19cv61647

PAUL J. NEWMAN,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

    Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District.

**PARTIES**

3. Plaintiff, PAUL J. NEWMAN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, ENHANCED RECOVERY COMPANY, LLC, ("Enhanced") is a Delaware limited liability company with its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

5. Defendant is a citizen of the State of Florida.

6. Defendant is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is the Corporation Service Company, 1201 Hayes Street, Tallahassee, Florida 32301.

7. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Defendant regularly collects or attempts to collect debts for other parties.

10. Defendant is a "debt collector" as defined in the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

11. Defendant sought to collect from Plaintiff an alleged debt ("the alleged debt").

12. The alleged debt arose from a credit card account.

13. Plaintiff used the credit card account to make purchases for personal, family and household purposes.

14. The alleged debt went into default with the original creditor.

15. Thereafter, the original creditor referred the debt to Defendant for the purpose of collecting the alleged debt.

16. On or about February 15, 2019, Defendant sent a letter directly to Plaintiff at his home address seeking to collect the alleged debt, attached as Exhibit "A").

17. On or about April 5, 2019, Plaintiff sent Defendant a letter disputing the debt and informing Defendant that he was represented by counsel and informing Defendant of his counsel's name and address, attached as Exhibit ("B").

18. On or about May 7, 2019, Defendant sent a letter directly to Plaintiff at his home address seeking to collect the alleged debt, attached as Exhibit ("C").

19. On or about June 4, 2019, a different debt collector sent a letter directly to Plaintiff's counsel seeking to collect the alleged debt, attached as Exhibit ("D").

20. On or about June 7, 2019, Defendant sent a letter directly to Plaintiff at his home address in apparent acknowledgement of Plaintiff letter of April 5, 2019 and seeking to collect the alleged debt, attached as Exhibit ("E").

21. At the time Defendant sent its May 7, 2019 and June 7, 2019 letters directly to Plaintiff at his home address, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt.

22. Defendant knew of Plaintiff's representation by counsel as it acknowledged receipt of Plaintiff's letter of April 5, 2019 in Defendant's June 7, 2019 letter.

23. The original creditor presumably knew of Plaintiff's representation of counsel as a different debt collector directed its June 4, 2019 letter to Plaintiff's counsel at her office address.

24. Other than Plaintiff's letter of April 5, 2019 informing Defendant of his representation by counsel there were no other means for the original creditor to learn of counsel's representation than communication of the representation of counsel to the original creditor by Defendant.

25. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

26. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

27. No court had authorized Defendant's direct communication with Plaintiff.

28. At the time Defendant sent its May 7, 2019 and June 7, 2019 letters, Defendant knew the FDCPA and the FCCPA prohibited it from communicating directly with Plaintiff.

29. Should Defendant continue to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail himself to the representation of his counsel.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

30. Plaintiff incorporates Paragraphs 1 through 29.

31. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

32. Plaintiff incorporates Paragraphs 1 through 29.

33. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff incorporates Paragraphs 1 through 29.

35. Defendant asserted the right to collect a debt by communicating directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney and when Defendant knew did not have a legal right to directly communicate with Plaintiff in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

36.  Plaintiff incorporates Paragraphs 1 through 29.

37.  The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  declaring that Defendant's direct communication with Plaintiff and that its assertion of the right thereof violates the FCCPA;

b.  permanently injoining Defendant from direct communication with Plaintiff; and

c.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>
> Shera E. Anderson, Esq.
> The Law Offices of Shera Anderson, PLLC
> Suite 414
> 304 Indian Trace
> Weston, FL 33326
> shera_anderson@outlook.com
>
> By: s/ Shera E. Anderson, Esq.
>     Shera E. Anderson, Esq.
>     Florida Bar No. 68129